UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK H. SHULL, JR.,<br><br>                      Plaintiff,<br>v.<br><br>THE UNIVERSITY OF QUEENSLAND, et al.,<br><br>                      Defendants. | Case No. 2:18-cv-01781-APG-PAL<br><br>ORDER<br><br>(Mot File Electronically – ECF No. 6) |

       This matter is before the court on plaintiff Frederick H. Schull's ("Schull") Request for Permission to File, Receive, and Serve Documents Electronically in this Case (ECF No. 6). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

       Mr. Schull is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. Although pro se parties are generally held to less stringent standards, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). A pro se litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "pro se litigants are bound by the rules of procedure"). The court appreciates that it is difficult for pro se parties to litigate their claims. Pro se parties are advised to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of Practice, and relevant case law as much as possible.[1]

---

[1] The Federal Rules of Civil Procedure may be accessed on the United States Courts website free of charge at: http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed from this court's website free of charge at http://www.nvd.uscourts.gov/. In addition, litigants may access the District of Nevada's pro se assistance packet through a link on the court's website, available at https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/Representing-Yourself-Guide.pdf.

Mr. Schull represents that he is familiar with the requirements of online filing on the court's CM/ECF system. He certifies in his motion that he has already completed the CM/ECF tutorial and is familiar with the Electronic Filing Procedures, Best Practices, and Civil & Criminal Events Menu on this court's website, www.nvd.courts.gov. He also certifies that he has an account pending with PACER and that he is awaiting this court's approval of this order before contacting the CM/ECF Help Desk to finalize setting up his account.

On September 17, 2018 Judge Gordon entered an Order (ECF No 3) after reviewing Shull's motion for leave to proceed in forma pauperis (IFP) and attached ex parte motion for a temporary restraining order. He found several deficiencies in the papers filed, required Shull immediately file an amended IFP motion and to serve the defendants with all papers filed in this case, including his order, and to file a certificate confirming service. Shull subsequently paid the filing fee. Judge Gordon entered an Order (ECF No. 7) denying the IFP application as moot. The order again required Shull to file a complaint and serve the defendants with summons and complaint and all papers filed in this case under the applicable Rules of Civil Procedure and to file a certificate confirming proper service.

Shull must comply with Judge Gordon's order and may not use the court's CM/ECF system to electronically serve summons, complaint and his papers seeking a TRO. He must first comply with the Federal Rules of Civil Procedure governing service. See, Fed. R. Civ. P. 4.

**IT IS ORDERED** that Mr. Schull's Motion for CM/ECF Access (ECF No. 6) is **DENIED without prejudice.**

DATED this 4th day of October 2018.

                                                  PEGGY A. LEEN
                                                  UNITED STATES MAGISTRATE JUDGE