UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK H. SHULL, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF QUEENSLAND, et al., <br><br> Defendants. | Case No. 2:18-cv-01781-APG-PAL <br><br> **ORDER** <br><br> (Mot. Serve Cert. Mail – ECF No. 21; Mot. Serve Via Hague Conv. – ECF No. 22) |

This matter is before the court on Plaintiff Frederick H. Shull, Jr.'s Emergency Motion for Permission to Serve Via Certified Mail (ECF No. 21) and Motion for Service Via Court Clerk Pursuant to Hague Convention (ECF No. 22). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Schull is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. This case arises from Shull's allegations that defendants discriminated against him, and all other similarly situated medical students, on the basis of national origin. Compl. (ECF No. 15). The 85-page, 21-count Complaint asserts that defendants' practices violated 42 U.S.C. §§ 1983, 1988, 2000(d), and numerous other federal and state laws.[1] Mr. Shull also alleges state law claims including breach of contract, negligence, breach of implied covenant of good faith and fair dealing, fraud, civil conspiracy, negligent supervision, and defamation.

The Complaint identifies the following defendants by name: (1) the University of

---

[1] On December 14, 2018, a Notice of Related Cases (ECF No. 31) was filed stating that a related action was removed to this court from the Eighth Judicial District Court of the State of Nevada. *Frederick H. Shull, Jr. v. The University of Queensland*, 2:18-cv-02377-KJD-NJK.

1

Queensland School of Medicine ("medical school"), which is located in Brisbane, Australia, (2) Ochsner Medical Group, (3) U.S. Department of Education, (4) Geoff McColl, executive dean of the medical school, (5) Leonardo Seoane, faculty member of the medical school and administrator employed by Ochsner, and (6) Gregory McGhee, program manager of the DOE's Office of Civil Rights in Dallas, Texas. Compl. at 4–9.[2]

The Motion for Permission to Serve Via Certified Mail (ECF No. 21) states that Shull asked the medical school to waive formal service of process or provide information concerning any agent(s) authorized to accept service in the United States. Mr. Shull represents that the medical school refused his request for waiver unless it received an extension of time to file an answer. The medical school also refused to provide information for any authorized agent(s). Shull argues, but for the medical school's unfair behavior, he would have already accomplished personal service within the United States. In addition, Shull asserts he sent a copy of the Complaint and summons via U.S. Postal Service certified mail to the medical school's vice-chancellor and executive CEO, Peter Hoj, in Brisbane, Australia. He believes this comports with the Federal Rules of Civil Procedure[3] and the Supreme Court's decision in *Water Splash, Inc. v. Menon*, --- U.S. ---, 137 S. Ct. 1504, 1507 (2017). He claims it is unfair to incur the time and expense of providing international service of process to the medical school because it refused to give him contact information for agents located in the United States (more specifically, in Nevada, Indiana, or Louisiana) who are authorized to accept service.

The Motion for Service Via Court Clerk Pursuant to Hague Convention (ECF No. 22) asks the court to order service of the summons and complaint on defendants McColl and the medical school "via operations of the court clerk's office" for two defendants, the medical school and McColl, who are located in Brisbane, Australia.[4] Shull states that under the Hague Service

---

[2] The Complaint does not allege the citizenship or domicile of Messrs. McColl and Seoane. However, one of the motions before the court indicates that Mr. McColl is located in Brisbane, Australia.

[3] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

[4] Defendants McColl, Seoane, and the medical school have filed a Joinder (ECF No. 36) to Ochsner's Motion to Dismiss (ECF No. 26). The Joinder states that McColl, Seoane, and the medical school have not been properly served with process. However, to expedite dismissal, they are specially appearing to join Ochsner's motion and seek dismissal for lack of personal jurisdiction.

2

Convention he is not authorized to transmit service pro se. Thus, he asks the court to order service on his behalf.

## **DISCUSSION**

### I. LEGAL STANDARDS

Rule 4 governs "service of process," which is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988)). Strict compliance with the rules governing manner of service is required. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, *by formal process.*") (emphasis added). Federal courts lack personal jurisdiction over a defendant unless the defendant has been properly served in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013).

The term "process" includes, but is not limited to, summonses, subpoenas, and certain court orders such as civil contempt orders. Fed. R. Civ. P. 4, 4.1, 45. Service requirements depend on the type of defendant and the location of service. *E.g.*, Fed. R. Civ. P. 4(e) (individuals within a judicial district of the United States), 4(f) (individuals in a foreign country), 4(g) (minors or incompetent persons), 4(h) (corporations, partnerships, or associations), 4(i) (the United States and its agencies). Service of court documents other than process is less formal. After a defendant is formally served with process, the plaintiff may serve other all court "papers" via multiple delivery methods, including regular mail, personal delivery, and electronic means such as the court's electronic filing system. Fed. R. Civ. P. 5(a), (b).[5]

Rule 4(f) governs how to effect service on defendants in a foreign country.[6] Individuals and business entities outside of a judicial district of the United States may be served:

---

[5] The Rules require a party to show proof of service for all other court documents with a "certificate of service." Fed. R. Civ. P. 5(d). All documents filed with the court must include a certificate of service, which is a disclosure statement indicating how a party served a document on other parties. LR IC 4-1(d).

[6] Rule 4(h) states that a foreign corporation, partnership, or association "at a place not within a judicial district of the United States" must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under Rule 4(f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

3

> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> **(C)** unless prohibited by the foreign country's law, by:
>>
>>> **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

In this case, two defendants are in Brisbane, Australia. The United States and Australia are both parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention"), a multilateral treaty that is designed to "simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017). The Hague Convention "specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Id.* (quoting *Schlunk*, 486 U.S. at 699). Because the United States and Australia are both member countries, "compliance with the Convention is mandatory." *Schlunk*, 486 U.S. at 705.

The Supreme Court has held that the Hague Convention does not prohibit service by mail. *Water Splash*, 137 S. Ct. at 1507. The Court cautioned, however, that acceptable forms of service vary by country. *Id.* Dozens of countries "have either objected, or declined to object, to service by mail under Article 10" of the treaty. *Id.* at 1512, n.7, 1513 (expressly clarifying that its holding "does not mean that the Convention affirmatively *authorizes* service by mail"). Courts "must look outside the Hague Convention for affirmative authorization of the international mail service," and "any requirements as to how that service is to be accomplished." *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004). In cases governed by the Hague Convention, service by mail is

4

permissible when two conditions are met: (1) "the receiving state has not objected to service by mail," and (2) "service by mail is authorized under otherwise-applicable law." *Water Splash*, 137 S. Ct. at 1513 (citing *Brockmeyer*, 383 F.3d at 803–04). Australia "does not object to service by postal channels, *where it is permitted in the jurisdiction in which the process is to be served.*" Hague Conference on Private International Law, Status Table re: Hague Convention, Australia's Declarations (emphasis added), https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1062&disp=resdn (last visited Dec. 28, 2018).

Pursuant to the Hague Convention, Australia has designated its Attorney-General's Department as its "Central Authority." Hague Conference on Private Int'l Law, *Australia - Central Authority & practical information*, https://www.hcch.net/en/states/authorities/details3/?aid=878 (last visited Dec. 28, 2018). According to the Australian Attorney-General's Department, international service must comply with the Hague Convention, be performed through a diplomatic channel, or be carried out by a private-process server. *See* Australian Government, Attorney-General's Department, *Serving a legal document across international borders*, https://www.ag.gov.au/Internationalrelations/PrivateInternationalLaw/Pages/ServingaLegalDocumentAcrossInternationalBorders.aspx (last visited Dec. 28, 2018); *see also Service of foreign civil legal document in Australia* (Nov. 2018), https://www.ag.gov.au/Internationalrelations/PrivateInternationalLaw/Documents/CLU-PIL-prepare-request-for-service-in-australila-incoming.pdf (last visited Dec. 28, 2018).

**II.  ANALYSIS**

Mr. Shull seeks to effect service by mail on certain defendants located in Brisbane, Australia. Whether initiated by Shull or the Clerk of Court, service by mail is not appropriate here because Shull has not attempted to comply with the Hague Convention. Compliance with the Hague Convention is mandatory in this case as both the United States and Australia are member countries. *Schlunk*, 486 U.S. at 705; *see also* Fed. R. Civ. P. 4(f), Advisory Committee's Notes, 1993 Amendment ("Use of the Convention Procedures, when available, is mandatory if documents must be transmitted abroad to effect service."). Because there is an "internationally agreed means of service that is reasonably calculated to give notice," Rule 4(f)(1) applies and Shull is required

5

to effect service under and the Hague Convention. The Hague Convention does not specify a deadline for a foreign country's Central Authority to facilitate service; however, the treaty provides that "alternative methods may be used if a Central Authority does not respond within six months." Fed. R. Civ. P. 4(f), Advisory Committee's Notes (noting that plaintiffs may resort to using the provisions of Rule 4(f)(3) in such cases). Mr. Shull's motions do not indicate whether he has submitted any service request to the Australian Attorney-General's Department. Shull's pro se status does not prevent him from requesting service by Australia's Attorney-General's Department. Alternative service methods, including those described in Rule 4(f)(2) and (3), are not available to Shull under the current circumstances.

In addition, the motions do not provide any information to establish that the relevant jurisdiction in Australia authorizes service by mail. Australia's Declarations to the Hague Convention indicate that procedures vary by jurisdiction. Shull argues that the Supreme Court's holding in *Water Splash* authorizes certified mail to Hague Convention member countries, such as Australia. However, *Water Splash* held only that the Hague Convention does not *prohibit* service by mail. It did not hold that the treaty *authorizes* service by mail. 137 S. Ct. at 1507. Shull has not provided a memorandum of points and authorities addressing whether service by mail is affirmatively authorized in the Australian jurisdiction where defendants are located. *See Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 50 (D.D.C. 2013); *see also* Fed. R. Civ. P. 4 Advisory Committee's Note, 1993 Amendment (stating that under Rule 4(f)(2), "Service by methods that would violate foreign law is not generally authorized."). The court need not do Shull's legal research for him.

The court also notes that the medical school's failure to waive formal service of process is not grounds to trigger alternative means of service. A plaintiff may ask a foreign defendant for a waiver under Rule 4(d),[7] but the Rules do not impose "adverse consequences" on foreign defendants who decline because certain countries maintain policies that discourage residents from waiving formal service. Fed. R. Civ. P. 4(d), Advisory Committee's Notes, 1993 Amendment

---

[7] Certain types of defendants cannot waive formal service. *See* Fed. R. Civ. P. 4(d), Advisory Committee's Notes, 1993 Amendment (explaining that the United States, its agencies, corporations, and officers, as well as other governmental entities subject to service under Fed. R. Civ. P. 4(j) cannot waive formal service).

(stating that expense shifting provisions "apply only if the plaintiff and defendant are both located in the United States").

In short, Shull must comply with the Hague Convention to serve the Australian defendants.

Accordingly,

**IT IS ORDERED:** Shull's Emergency Motion for Permission to Serve Via Certified Mail (ECF No. 21) and Motion for Service Via Court Clerk Pursuant to Hague Convention (ECF No. 22) are **DENIED**.

Dated this 28th day of December, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE