UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK H. SHULL, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF QUEENSLAND, et al., <br><br> Defendants. | Case No. 2:18-cv-01781-APG-PAL <br><br> **ORDER** <br><br> (Pet. Bill of Discovery – ECF No. 17; Mot. Prelim. Discovery – ECF Nos. 34, 49) |

Before the court is Plaintiff Frederick H. Shull, Jr.'s Petition for Bill of Discovery (ECF No. 17) and Motion for Preliminary Discovery and Production (ECF Nos. 34, 49).[1] The Petitions and Motion are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Schull is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. This case arises from Shull's allegations that defendants discriminated against him, and all other similarly situated medical students, on the basis of national origin. Compl. (ECF No. 15). The 85-page, 21-count Complaint, filed November 5, 2018, asserts that defendants' practices violated 42 U.S.C. §§ 1983, 1988, 2000(d), and numerous other federal and state laws. Mr. Shull also alleges state law claims including breach of contract, negligence, breach

---

[1] ECF No. 49 is duplicative of ECF No. 34. Mr. Shull filed a Notice of Duplicative Filings (ECF No. 38) acknowledging that he submitted multiple duplicates to the court. The court cautions Shull that filing duplicative documents is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Once a motion is filed, filing a duplicate motion will not speed up the court's review of a movant's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the court's workload and generally delays decision while a new round of responses and reply deadlines run. Mr. Shull is warned that continued duplicative motion practice may result in the imposition of sanctions, including dismissal of this case. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992).

1

of implied covenant of good faith and fair dealing, fraud, civil conspiracy, negligent supervision, and defamation.[2]

The Complaint identifies the following defendants by name: (1) the University of Queensland School of Medicine ("medical school"), (2) Ochsner Medical Group ("Ochsner"), (3) U.S. Department of Education, (4) Geoff McColl, executive dean of the medical school, (5) Leonardo Seoane, faculty member of the medical school and administrator employed by Ochsner, and (6) Gregory McGhee, program manager of the DOE's Office of Civil Rights in Dallas, Texas. Compl. at 4–9. Mr. Shull categorizes the defendants in two groups that include 50 doe defendants: Group A, which consists of the medical school, Ochsner, Mr. McCall, Mr. Seoane, Mr. McGhee, and doe defendants 1-50, and Group B, which consists of the DOE, U.S. Health and Human Services Administration, and doe defendants 36-50. Compl. at 23–32.

This case is currently in its beginning stages. To date, no defendant has filed an answer to the Complaint and a discovery plan and scheduling order has not been entered. Defendant Ochsner filed a Motion to Dismiss (ECF No. 26) asserting this court lacks personal jurisdiction over it. Defendants McColl, Seoane, and the medical school filed a Joinder (ECF No. 36) to Ochsner's motion to dismiss.[3] In addition, Shull has numerous other motions pending before the district judge. ECF Nos. 8, 20, 24, 25, 33.

In a separate order entered today, the court instructed Shull to serve defendants McColl and the medical school in Australia pursuant to Rule 4(f) of the Federal Rules of Civil Procedure[4] and the Hague Service Convention.

Mr. Shull's Petition (ECF No. 17) asks the court to issue a "bill of discovery" to expedite the identification of doe defendants 1-50. The Federal Rules do not provide for a "bill of

---

[2] On December 14, 2018, a Notice of Related Cases (ECF No. 31) was filed stating that a related action was removed to this court from the Eighth Judicial District Court of the State of Nevada. *Frederick H. Shull, Jr. v. The University of Queensland*, 2:18-cv-02377-KJD-NJK.

[3] The Joinder (ECF No. 36) states that McColl, Seoane, and the medical school have not been properly served with process. However, to expedite dismissal, they are specially appearing to join Ochsner's motion and seek dismissal for lack of personal jurisdiction.

[4] All references to a "Rule" or the "Federal Rules" in this Order refer to the Federal Rules of Civil Procedure.

2

discovery." Litigants typically engage in discovery after the court enters a scheduling order. *See* Fed. R. Civ. P. 16; LR 16-1(b). Unless a case is exempt, Rule 16 requires the court to issue a scheduling order limiting the time to complete discovery, join other parties, amend pleadings, and file motions. Fed. R. Civ. P. 16(b), 26(f). After the parties have held the conference required by Rule 26(f), the Local Rules of Civil Practice require the parties to submit a stipulated discovery plan and scheduling order. LR 26-1. If no proposed discovery plan and scheduling order is submitted, the court ordinarily enters a standard order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). However, given the convoluted procedural posture of this case, the fact that only one defendant has been served, that a motion to dismiss is pending, which challenges the court's jurisdiction over multiple defendants, and the unlikelihood that formal service on the foreign defendants will be effectuated any time in the foreseeable future, **the court will not enter a discovery plan and scheduling order or allow discovery to proceed until the service status of the named defendants has been determined.**

Shull filed the Motion for Preliminary Discovery (ECF No. 34) on an emergency basis after responding to Ochsner's Motion to Dismiss (ECF No. 26). *See* Pl's Response (ECF No. 32). In its Rule 12(b)(2) motion, Ochsner claims it has no relationship with the State of Nevada and this court lacks specific personal jurisdiction over Ochsner. Shull's motion for discovery argues that Ochsner and the medical school have refused to cooperate with service of process by identifying a legal process representative. Shull asserts that a contract exists between the medical school and Ochsner, and he asks the court to order Ochsner to produce the contract. He believes the contract addresses whether Ochsner is prohibited from receiving legal documents on behalf of the medical school, and he asks for relief in advance of a ruling on the Motion to Dismiss. His request is denied.

Mr. Shull's Motion appears to conflate service of process and personal jurisdiction. The motion to dismiss challenges personal jurisdiction under Rule 12(b)(2), not the sufficiency of process or service of process under Rules 12(b)(4) and (5). The primary focus of the court's personal jurisdiction inquiry is "the defendant's relationship to the forum State." *Bristol-Myers*

3

*Squibb Co. v. Superior Ct. of California*, 137 S. Ct. 1773, 1779 (2017). Thus, when ruling on the Motion to Dismiss, the district judge will evaluate Ochsner's relationship with Nevada—not Ochsner's relationship with Shull or the medical school. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (holding that the relationship between the defendant and forum state "must arise out of contacts that the defendant *himself* creates" and the contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there") (internal quotation marks omitted). Shull's Motion does not claim that the alleged contract demonstrates Ochsner's relationship with Nevada. Shull has not shown how a contractual provision between the medical school and Ochsner is relevant to deciding the motion to dismiss under Rule 12(b)(2). More importantly, if Shull intended to argue that jurisdictional discovery was required before the motion to dismiss can be decided, he was required to make that argument in his response brief.

The Federal Rules and Local Rule 7-2 allow a motion, a response, and a reply. Supplemental filings and "surreplies" (*i.e.*, a second opposition) are expressly prohibited without leave of court and "motions for leave to file a surreply are discouraged." LR 7-2(b). The Motion to Dismiss (ECF No. 26) is now fully briefed with Shull's Response (ECF No. 32), Ochsner's Reply (ECF No. 35), and the Joinder (ECF No. 36) by McColl, Seoane, and the medical school. Unless and until the district judge orders otherwise, the motion to dismiss will be decided on those filings. Schull may not file separate motions and separate memoranda or supplements in a never-ending attempt to have the last word on motions before the court.

For the reasons explained,

**IT IS ORDERED:**

1. Plaintiff Frederick H. Shull, Jr.'s Petition for Bill of Discovery (ECF No. 17) is **DENIED.**
2. Shull's Motion for Preliminary Discovery and Production (ECF No. 34) is **DENIED**.
3. No discovery will be allowed until the service of process status of the named defendants has been determined.

/ / /

/ / /

4. No discovery motions may be filed until after the court enters a discovery plan and scheduling order, and then only as allowed by the Federal Rules of Civil Procedure and the Local Rules of Practice..

Dated this 28th day of December 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE