# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK H. SHULL, JR.,<br><br>    Plaintiff<br><br>v.<br><br>THE UNIVERSITY OF QUEENSLAND, THE OCHSNER MEDICAL GROUP, GEOFF McCOLL, LEONARDO SEOANE, GREGORY McGHEE, in his individual and official capacities, THE U.S. DEPARTMENT OF EDUCATION via THE SECRETARY OF THE U.S. DEPARTMENT OF EDUCATION, and DOES 1-50<br><br>    Defendants | Case No.: 2:18-cv-01781-APG-PAL<br><br>**Order Granting Motion to Dismiss for Lack of Personal Jurisdiction**<br><br>[ECF Nos. 26, 36] |

    Defendant Ochsner Clinic Foundation ("Ochsner"), incorrectly named in the complaint as Ochsner Medical Group, moves to dismiss the complaint because this court lacks personal jurisdiction over it. ECF No. 26. Defendants The University of Queensland ("UQ"), Geoff McColl, and Leonardo Seoane join that motion, asserting the same reason. ECF No. 36. None of these defendants has sufficient contact with Nevada to justify the exercise of personal jurisdiction over them in this court. Therefore, I grant the motion and dismiss them from this case.

    "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Id.* Nevada's long-arm statute permits

the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1).

Personal jurisdiction over defendants may be based upon general or specific jurisdiction. "A court may assert general jurisdiction over [defendants] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (U.S. 2011). By contrast, specific jurisdiction may be exercised when the defendants have sufficient minimum contacts with the forum state and the claims against them arise from those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

General Jurisdiction

There is no basis to exercise general jurisdiction over the defendants here. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction. . . . Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." *Id.* (citations omitted).

Plaintiff Frederick Shull admits that Ochsner is "based in New Orleans, Louisiana" (ECF No. 15 at 6, ¶ 9) and UQ is "based in Brisbane, Australia" (*Id.* at 6, ¶ 8). Neither Ochsner nor UQ is authorized to do business in Nevada; neither conducts any business in Nevada; neither owns or maintains any office or property in Nevada; and neither has any employees, assets, bank accounts, records, or other property here. ECF Nos. 26-1 and 36 at 12-13. Defendant McColl resides in Brisbane, Australia and defendant Seoane is domiciled in Louisiana. ECF No. 36 at 15-17. Neither of them has lived or been employed in Nevada and neither of them has any

assets, property, or bank accounts in Nevada. *Id.* None of the defendants would be deemed "at home" in Nevada. Therefore, this court cannot exercise general jurisdiction over any of them.

Specific jurisdiction

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* at 802. If he succeeds, the defendant then must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

In analyzing specific jurisdiction, the court "focuses on the relationship among the defendant, the forum, and the litigation. . . . [T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (internal quotation marks and citations omitted). The "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

None of the defendants' Nevada-related activities (to the extent they had any) justifies the exercise of specific personal jurisdiction over them in this case. The defendants' use of a website for general marketing, information, and interaction with people worldwide does not

3

constitute activity specifically directed at Nevada.[1] Neither Ochsner nor UQ advertises, targets, or otherwise solicits Nevada residents. ECF Nos. 26-1 at 23, ¶ 13 and 36 at 13, ¶ 6(h). Indeed, Shull learned about and accessed the website—and signed the contract for educational services—while he lived in Indiana. ECF Nos. 15 at 3-4, ¶ 5, and 26-1 at 3, ¶ 2(A).

To the extent the defendants sent one or more letters to Shull that he apparently read while he was in Nevada, that does not justify the exercise of specific jurisdiction. *See, e.g.*, ECF No. 48 at 12-13. The letters were not addressed, mailed, or directed to Nevada but rather were sent via email to a non-descript email address that Shull apparently provided. *Id.* Shull's accessing and reading those emails in Nevada cannot impose jurisdiction upon the defendants. *Walden*, 571 U.S. at 286 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.").

Finally, the fact that Shull claims to have suffered some injury in Nevada is insufficient.

> [M]ere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

---

[1] *See, e.g., Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) (holding that a single contract with a citizen of the forum state for the sale of one item through eBay was not a substantial contact deliberately aimed at the forum that would support specific jurisdiction); *Hatset v. Century 21 Gold Coast Realty*, 649 Fed. App'x 400, 402 (9th Cir. 2016) (unpublished) (affirming lack of personal jurisdiction in California where a website listed a California phone number but was meant to facilitate contact with anyone in the United States, rather than to target California residents); *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 35-36 (1st Cir. 2010) (affirming lack of personal jurisdiction in New Hampshire where a hospital's interactive website was available to people everywhere and nothing indicated activity directed at New Hampshire).

4

*Id.* at 290. The defendants are not connected to Nevada in any jurisdictionally meaningful way.[2]

Shull has failed to satisfy his burden on the first two prongs of the Ninth Circuit's test for specific personal jurisdiction. But even if I evaluated the third prong—whether exercise of jurisdiction would comport with fair play and substantial justice—I would find that specific jurisdiction is unreasonable here. The defendants are domiciled in Australia and Louisiana and they have no connection to Nevada. Shull, while a resident of Indiana, voluntarily contracted with UQ or Ochsner; he attended school at UQ in Australia; he hoped to complete his clinical program in Australia and become a licensed medical professional in Australia. ECF No. 15 at 3-4. Nothing could have suggested to the defendants that they would later be expected to defend themselves in a Nevada court. It appears that none of the relevant documents or witnesses (other than Shull) is located in Nevada. It would be unfair and unreasonable under the circumstances of this case to force the defendants to be haled into court here. This court does not have specific jurisdiction over the defendants, so the claims against them must be dismissed.

Conclusion

IT IS THEREFORE ORDERED that defendant Ochsner Clinic Foundation's motion to dismiss **(ECF No. 26)** and defendants The University of Queensland, Geoff McColl, and

/ / / /

---

[2] Shull filed numerous papers in response to the defendants' motion and joinder, calling them motions, memoranda, or addenda. Those rogue filings are improper under this court's Local Rules. *See* ECF No. 52 at 4:12-19. Nevertheless, because Shull is representing himself, and in order to determine whether jurisdiction exists over the defendants, I have reviewed those papers in addressing the defendants' motion. Most of Shull's allegations in those papers address the merits of the underlying dispute and the defendants' perceived failure to cooperate in being served with process. I will not waste time addressing each of Shull's allegations in this order. None of the allegations in Shull's filings changes the analysis or my determination that this court lacks personal jurisdiction over the defendants.

5

Leonardo Seoane's joinder to that motion **(ECF No. 36) are GRANTED**. Plaintiff Shull's complaint against those defendants is dismissed for lack of personal jurisdiction.

DATED this 8th day of January, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE