# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK H. SHULL JR., | Case No.: 2:18-cv-01781-APG-BNW |
| Plaintiff | **Order** |
| v. | [ECF Nos. 72, 73, 75, 78, 79, 80, 81, 83, 84, 92, 94, 103, 108, 109] |
| THE UNIVERSITY OF QUEENSLAND, et al., | |
| Defendants | |

Plaintiff Frederick Shull has filed a slew of motions all generally directed at my prior orders dismissing defendants The University of Queensland (UQ), Ochsner Medical Group (Ochsner), Geoff McColl, and Leonardo Seoane for lack of personal jurisdiction. Because none of those filings supports reconsideration of my orders dismissing the defendants or denying jurisdictional discovery, I deny the motions.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and

arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 BR 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Shull has presented no basis for me to reconsider my ruling that I lack personal jurisdiction over UQ, Ochsner, McColl, and Seoane. There is no evidence those defendants have sufficient contacts with Nevada to support the exercise of personal jurisdiction over them here. Additionally, Shull's repeated requests for jurisdictional discovery and evidentiary hearings do not suggest that some basis for personal jurisdiction in Nevada might exist. He points to the likely existence of an affiliation contract, but he does not explain how an agreement about operating a joint educational program in Louisiana would somehow create contacts with Nevada.

Finally, Shull contends that UQ is not subject to jurisdiction in any particular state, so the federal long-arm statute in Federal Rule of Civil Procedure 4(k)(2) applies. But by Shull's own allegations, UQ is amenable to personal jurisdiction in Louisiana because it allegedly entered into a partnership with Ochsner to operate a joint educational program that required U.S. citizen students to complete their last two years of the program in Louisiana. *See* ECF No. 15 at 6-7, 12, 14, 19-22. UQ admits it is subject to personal jurisdiction in Louisiana. ECF No. 82 at 5. The federal long-arm statute therefore does not apply. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006) (stating that among the factors required under the federal long-arm statute is that "the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction").

Finally, Shull requests that I certify my rulings as final as to these defendants. I deny those requests. Shull's claims should not be adjudicated through piecemeal appeals given the

factual overlap between the claims against all of the defendants. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005).

IT IS THEREFORE ORDERED that plaintiff Frederick Shull, Jr.'s motions for reconsideration, for hearings, and for jurisdictional discovery **(ECF Nos. 72, 75, 78, 79, 81, 83, 84, 92, 94) are DENIED**.

IT IS FURTHER ORDERED that plaintiff Frederick Shull, Jr.'s motions to amend the caption and for leave to file supplemental briefing **(ECF Nos. 103, 108, 109) are DENIED as moot**.

IT IS FURTHER ORDERED that plaintiff Frederick Shull, Jr.'s motions to certify orders for appeal **(ECF Nos. 73, 80) are DENIED**.

DATED this 12th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE