# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK H. SHULL JR., <br><br> Plaintiff <br><br> v. <br><br> THE UNIVERSITY OF QUEENSLAND, et al., <br><br> Defendants | Case No.: 2:18-cv-01781-APG-BNW <br><br> **Order (1) Granting Motion to Dismiss, (2) Setting Deadline for Amended Complaint, (3) Setting Deadline to Show Good Cause to Extend the Time to Serve Defendant McGhee in His Individual Capacity, and (4) Granting Motion to Strike** <br><br> [ECF Nos. 96, 105] |

Plaintiff Frederick Shull filed suit against The University of Queensland, the Ochsner Medical Group, Geoff McColl, Leonardo Seoane, Gregory McGhee, and the U.S. Department of Education. ECF No. 15. Shull contends the defendants have engaged in national origin discrimination by requiring him to complete the last two years of a joint Australia/U.S. medical education program in the United States while non-U.S. citizen students are allowed to complete the program in Australia. I previously dismissed all defendants except McGhee and the Department of Education. ECF No. 67. The Department of Education and McGhee in his official capacity (the "federal defendants") now move to dismiss the claims against them,[1] arguing that the claims are barred by sovereign immunity. Shull responds that he seeks declaratory and injunctive relief for ongoing constitutional violations and thus he need not identify a waiver of sovereign immunity.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Shull concedes there is no waiver of sovereign immunity for damages against the

---

[1] Counts one, two, four, five, eight, nine, and ten.

Department of Education or McGhee in his official capacity. I therefore grant the federal defendants' motion to dismiss the complaint to the extent it seeks damages against them. To the extend Shull seeks more than damages, I address each claim in more detail below.

**A. Count One**

Count one asserts a claim under the federal and Nevada declaratory judgment acts and seeks a declaration that "the defendants are liable to me for any and all damages I suffer in the future resulting from the defendants' ongoing practices or activities or ratification of such which discriminate against me on the basis of my national origin." ECF No. 15 at 32-33. The federal defendants contend neither the state nor the federal declaratory judgment act constitutes a waiver of sovereign immunity. They also argue that declaratory relief is a remedy, not an independent cause of action. Shull responds that he is not requesting damages against the federal defendants, so he need not identify a waiver of sovereign immunity.

By the complaint's allegations, the declaration Shull seeks is that the defendants are liable to him for damages. Shull has not identified a waiver of sovereign immunity that would allow for such a declaration against the federal defendants. As the party suing the United States, Shull bears the burden of identifying an unequivocal waiver of sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). He has not done so for this claim. I therefore grant the federal defendants' motion to dismiss count one.

**B. Count Two**

Count two alleges the defendants violated 42 U.S.C. § 2000d, which prohibits a recipient of federal funds from discriminating on the basis of race, color, or national origin. ECF No. 15 at 33. The federal defendants argue that there is no waiver of sovereign immunity for a claim under § 2000d and that only the recipient of federal funds may be sued under that section. Shull does

not specifically respond to this argument and thus he has not met his burden. Consequently, I grant the federal defendants' motion to dismiss count two.

**C. Counts Four, Five, and Ten**

Count four alleges the defendants violated the equal protection clause, count five alleges the defendants violated the substantive due process clause, and count ten alleges an unconstitutional policy and practice. ECF No. 15 at 37-49. Each of these claims states that the constitutional violation is being vindicated "via 42 U.S.C. § 1983." *Id.*

The federal defendants argue that the United States and its employees are not proper defendants under § 1983. They also argue that to the extent these counts could be construed as claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a *Bivens* claim cannot be maintained against a federal agency or its employee acting in his official capacity. Shull responds that he is asserting constitutional claims and is seeking injunctive relief to halt ongoing constitutional violations, so no waiver of sovereign immunity is required.

To the extent Shull's claims are alleged under § 1983 or *Bivens*, I dismiss them against the federal defendants because (1) § 1983 provides a remedy only "against persons acting under color of state law" and (2) "no *Bivens*-like cause of action is available against federal agencies or federal agents sued in their official capacities." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008).

But Shull disclaims that he is seeking damages against the federal defendants and argues that he is seeking only to enjoin ongoing constitutional violations. Shull asserts he need not identify a waiver of sovereign immunity for these types of claims. The federal defendants reply

3

that Shull has not plausibly alleged a basis for injunctive relief because he complains only about the federal defendants' completed actions that took place in the past.

Although the federal defendants did not raise this argument in their original motion, their reply raises an issue of Article III standing that I must address. *See Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003) (stating federal courts have "the duty to consider subject matter jurisdiction *sua sponte* in every case, whether the issue is raised by the parties or not"). "To bring suit in federal court, a plaintiff must establish three constitutional elements of standing." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The plaintiff must (1) "have suffered an injury in fact," (2) "establish a causal connection between the injury and the defendant's conduct," and (3) "show a likelihood that the injury will be redressed by a favorable decision." *Id.* (quotations omitted). Additionally, the plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000). "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." *Mayfield*, 599 F.3d at 970. "Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a real or immediate threat . . . that he will again be wronged in a similar way." *Id.* (quotation omitted).

I cannot determine from the complaint whether Shull has standing to seek injunctive relief against the federal defendants. The complaint does not state that he is still enrolled in the program or will attempt to re-enroll in the program. So he has not plausibly alleged he is likely to be wronged again by the allegedly discriminatory policy of making U.S. students finish their programs in Louisiana. Consequently, he has not plausibly alleged a basis to enjoin the discriminatory practice in the future. It is not clear from the complaint what other injunctive
4

relief Shull might be seeking against the federal defendants because the complaint states only that Shull seeks injunctive relief without identifying what that relief might be. I therefore dismiss Shull's constitutional claims for injunctive relief against the federal defendants, with leave to amend to adequately allege his constitution claims, what relief he seeks for the alleged constitutional violations, and a plausible basis for standing to seek that relief.

### D. Counts Eight and Nine

Count eight alleges the defendants conspired to violate Shull's civil rights in violation of 42 U.S.C. § 1985. ECF No. 15 at 45. Count nine alleges the defendants conspired to violate his constitutional rights and were in a position to intervene to stop a violation of his rights but did not do so, in violation of 42 U.S.C. § 1986. *Id.* at 46-47. The caption of count nine also mentions negligence. *Id.* at 46.

The federal defendants argue that sections 1985 and 1986 do not apply to the United States. They also contend that to the extent count nine is meant to be a negligence claim, it would have to be brought under the Federal Tort Claims Act (FTCA). The federal defendants argue that an agency cannot be sued under the FTCA and, in any event, Shull has not exhausted FTCA administrative remedies before filing suit.

Shull does not specifically respond to these arguments. He therefore has not met his burden with regard to his claims under either § 1985 or § 1986, so I dismiss these counts. Shull also does not respond to the federal defendants' argument that he did not exhaust his administrative remedies before bringing a claim under the FTCA. Although the FTCA is a waiver of sovereign immunity, that waiver is operative only "if a plaintiff first exhausts his administrative remedies." *Ibrahim*, 538 F.3d at 1258. I therefore dismiss count nine to the extent it was meant to allege a negligence claim under the FTCA.

5

**E. McGhee in His Individual Capacity**

The parties agree McGhee has not been properly served in his individual capacity. *See* ECF Nos. 111, 112. The time to serve McGhee has expired. *See* Fed. R. Civ. P. 4(m). Shull recently requested that the court issue a summons to McGhee in his individual capacity, although he did so in a reply brief and not in a motion. Shull has had reasonable time to cure his failure to properly serve McGhee after the defects were pointed out to him. *See* Fed. R. Civ. P. 4(i)(4)(B). Consequently, Shull must show good cause to extend the deadline to properly effect service on McGhee in his individual capacity or I will dismiss those claims without prejudice. *See* Fed. R. Civ. P. 4(m).

**F. Conclusion**

IT IS THEREFORE ORDERED that the federal defendants' unopposed motion to strike **(ECF No. 105) is GRANTED IN PART** in that I will disregard the unauthorized surreply filed at ECF No. 104. However, I do not strike it from the record.

IT IS FURTHER ORDERED that the federal defendants' motion to dismiss **(ECF No. 96) is GRANTED**.

IT IS FURTHER ORDERED that by October 15, 2019, plaintiff Frederick Shull may file an amended complaint curing the deficiencies identified in this order if facts exist to do so.

IT IS FURTHER ORDERED that by October 15, 2019, Shull must show good cause to extend the deadline to complete proper service on defendant Gregory McGhee in his individual capacity. Failure to timely respond will result in Shull's claims against McGhee in his individual capacity being dismissed without prejudice.

DATED this 12th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE