**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FREDERICK H. SHULL, JR.,

    Plaintiff

v.

THE UNIVERSITY OF QUEENSLAND, et al.,

    Defendants

Case No.: 2:18-cv-01781-APG-BNW

**Order (1) Denying Motion to Transfer, (2) Denying Motion to Amend, (3) Granting Leave to Amend, and (4) Denying as Moot Motion to Extend Time**

[ECF Nos. 121, 122, 126]

Plaintiff Frederick Shull moves to amend his complaint and to transfer the case to the Eastern District of Louisiana.  The defendants, including those I previously dismissed for lack of personal jurisdiction, oppose transfer and amendment.

I deny the motion to transfer because Shull did not establish that the case could have been brought originally in the Eastern District of Louisiana.  I deny the motion to amend because Shull's proposed amended complaint goes beyond what I granted leave for him to do, but I grant Shull leave to amend consistent with my prior order.  Finally, I deny as moot Shull's motion to extend time to file a reply.

**I.  MOTION TO TRANSFER**

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ."  The transferor court may transfer only to a district or division where the action "might have been brought" originally or one "to which all parties have consented." 28 U.S.C. § 1404(a).  The transferor court must find both that the action might have been brought in the transferee court and that the

1   parties' and witnesses' convenience, in the interest of justice, favors transfer. *Hatch v. Reliance*

2   *Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

3          A suit "might have been brought" in a district if the "plaintiff has a right to sue in that

4   district, independently of the wishes of defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)

5   (quotation omitted).  The transferee court thus must be a proper venue and have personal

6   jurisdiction over the defendant "when suit was instituted." *Id.* at 343 (quotation omitted); *see*

7   *also Washington Pub. Util. Group v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 328 (9th

8   Cir. 1987) (stating that "a district court must have both personal jurisdiction over the parties and

9   venue to hear a case").  The party seeking the transfer bears the burden of showing transfer is

10  appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979);

11  *see also In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010).  The decision whether to transfer

12  lies within my discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

13         Shull has not shown that this action could have been brought originally in the Eastern

14  District of Louisiana.  The complaint identified the following defendants: University of

15  Queensland, Ochsner Medical Group, Geoff McColl, Leonardo Seoane, Gregory McGhee in his

16  individual and official capacities, and the U.S. Department of Education.  Shull has not explained

17  why McGhee in his individual capacity would be subject to personal jurisdiction in the Eastern

18  District of Louisiana. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1459 (9th Cir. 1985) (stating that

19  "to bring a damage action against a federal official in his individual capacity, and thereby avoid

20  the bar of sovereign immunity, the normal rules for establishing *in personam* jurisdiction

21  apply"); *see also* Fed. R. Civ. P. 4(i)(3) (requiring a United States officer or employee sued in his

22  or her individual capacity to be served individually "whether or not the officer or employee is

23  also sued in an official capacity").  I therefore deny his motion to transfer.

## II.  MOTION TO AMEND

I deny Shull's motion to amend because his proposed amended complaint goes beyond what I granted him leave to do.  In my order dismissing Shull's claims against the Department of Education and McGhee, I allowed him to file an amended complaint "curing the deficiencies identified in this order if facts exist to do so." ECF No. 118.  Shull's proposed amended complaint seeks to include defendants I dismissed for lack of personal jurisdiction, add new defendants, and add new claims under Louisiana law.  That is improper.

I will grant Shull another opportunity to amend as to the only remaining defendants in this case, the Department of Education and McGhee.[1]  The amended complaint must be a complete document in and of itself and will supersede the original complaint.  Any allegations or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.  Shull may not amend as to the defendants I previously dismissed for lack of jurisdiction, nor may he add defendants, with the sole exception that if McGhee in his official capacity has been replaced and Shull wishes to name McGhee's replacement, he may do that.  Shull also may add new claims against the Department of Education and McGhee so long as those legal theories are based on the same facts alleged in the original complaint.

## III.  CONCLUSION

I THEREFORE ORDER that plaintiff Frederick Shull's motion to extend time **(ECF No. 126) is DENIED as moot**, given his notice that he would not be filing a reply (ECF No. 127).[2]

---

[1] The defendants argue McGhee has never been served in his individual capacity.  Based on the proposed amended complaint, it appears Shull intends to amend to sue McGhee in his official capacity only.  I therefore do not address this issue at this time.

[2] I have considered the points raised in Shull's motion to extend time where he previewed how he would reply to the defendants' oppositions.

1   I FURTHER ORDER that plaintiff Frederick Shull's motion to transfer **(ECF No. 122) is**

2 **DENIED**.

3   I FURTHER ORDER that plaintiff Frederick Shull's motion to amend **(ECF No. 121) is**

4 **DENIED**.

5   I FURTHER ORDER that plaintiff Frederick Shull may file an amended complaint

6 consistent with this order and my prior order (ECF No. 118).  Failure to file an amended

7 complaint by **October 9, 2020** will result in dismissal of Shull's claims against defendants U.S.

8 Department of Education and Gregory McGhee with prejudice.

9   DATED this 11th day of September, 2020.

10

11
          _____
          ANDREW P. GORDON
12        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23